UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA HECKER | \| |
| Plaintiff, | \| |
| v. | \| |
| CITY OF CHICAGO | \| |
| Defendant. | \| |

## COMPLAINT

NOW COMES the Plaintiff, SARA HECKER, by and through her attorney, CHIQUITA HALL-JACKSON of HALL-JACKSON & ASSOCIATES, P.C., complains of the Defendant, CITY OF CHICAGO as follows:

### INTRODUCTION

1. This is an action for employment discrimination based on disability brought under The Americans with Disabilities Act ("ADA"). Also, to redress Defendant's unlawful employment practices and retaliation against the Plaintiff under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction over the statutory violation alleged is conferred as follows: ADA claims by 42 U.S.C.A. § 12102 and 42 U.S.C.A. § 12112; and Title VII, 42 U.S.C. § 2000e-3(a).

3. Venue is proper in this district pursuant to 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

### PARTIES

4. The Plaintiff is SARA HECKER (HECKER) of the county of COOK, in the state of ILLINOIS.

5. Plaintiff resides within the jurisdiction of this Court, and has been employed by the Defendant, City of Chicago, on the Police Department (CPD), since September 24, 2007.

6. Plaintiff, as a citizen of the United States of America and Illinois, is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

7. At all times herein mentioned the City of Chicago, was and is believed, a municipal corporation within the state of Illinois. The City of Chicago operates, maintains, supervises and regulates the City of Chicago Police Department. The City of Chicago is an employer subject to a suit under the Federal Civil Rights Acts.

## PROCEDURAL BACKGROUND

8. On or about April 10, 2023, Plaintiff filed a charge against Defendant with Illinois Department of Human Rights (IDHR), alleging that Defendant discriminated against her on the basis of her disability and in retaliation.

9. It is the policy of both the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) to cross-file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case.

10. On or about May 7, 2024, Plaintiff received a Notice of Right to Sue letter from the EEOC, which allowed Plaintiff to commence a civil action with the appropriate Court within 90 days of his receipt of the letter.

11. Plaintiff is filing her original complaint within 90 days of receiving the Notice of Right to Sue Letter.

## STATEMENT OF FACTS

12. Hecker is a 39-year-old, disabled woman who has been employed by the Defendant in excess of fifteen years, as a Police Officer. She currently is considered an employee but has not physically been to work since 2021.

13. Over the years while the Plaintiff has been employed by the Defendant, she has experienced a great deal of harassment and discrimination.

14. As a result, the Plaintiff has filed a charge of discrimination with IDHR who cross filed with the EEOC.

15. In May of 2022, the Plaintiff was diagnosed with post traumatic disorder and persistent depressive disorder duty related to right knee injury by a licensed medical doctor.

16. The Plaintiff also had a knee replacement in May of 2022.

17. The Plaintiff's medical conditions qualify as disabilities under The Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. § 12102.

## COUNT I – VIOLATION OF ADA

18. Plaintiff restates and alleges paragraphs 1-17 as if fully set forth herein.

19. The Plaintiff worked for the Defendant for several years without incident, serious disciplinary violations, or any job interference related to her medical conditions.

20. On December 22, 2010, the Plaintiff injured her knee while placing a suspect into custody in an open field in the snow.

21. After the injury the Plaintiff returned to work with light duty restrictions.

22. The Defendant was aware of her restrictions and accommodation requests.

23. On October 10, 2021, the Plaintiff was forced to work at the Chicago Marathon race and re-injured her knee.

24. She went out injured on duty and sought medical attention that same day.

25. Despite numerous letters from her physicians clearing her to return to work with limited restrictions, the Defendant failed to accommodate the Plaintiff.

26. The Plaintiff was released back to work with the restriction in November 2021.

27. The Plaintiff went through the proper channels per the Defendant's policy on ADA reasonable accommodation request. She repeatedly requested reasonable accommodations for her disabilities.

28. The Plaintiff's request was repeatedly ignored.

29. This resulted in the Plaintiff suffering physically and mentally.

30. The Plaintiff was ultimately denied guaranteed benefits pursuant to her collective bargaining agreement (CBA).

31. The Plaintiff was denied access to medical prescriptions, mental health treatment, physical therapy, and several other benefits guaranteed to her under the CBA between March 2022 until the current.

32. The Plaintiff could perform her job duties with reasonable accommodation.

33. The Defendant had several positions available in which the Plaintiff could have been accommodated for light duty between 2021 and 2023.

34. Upon such request several people ignored and ultimately denied the Plaintiff such accommodations.

35. Due to the denial of the Plaintiff's reasonable request for accommodations the Plaintiff has suffered and had a medical decline both physically and mentally. She has been forced from work without pay.

36. As a direct, foreseeable, and proximate cause of Defendant's conduct, Plaintiff has suffered, and continues to suffer, damages, including lost wages and employment benefits, medical debt, credit card debit, emotional and mental anguish, attorneys' fees, and costs.

## COUNT TWO-RETALIATION FOR PARTICIPATION

37. Plaintiff restates and alleges paragraphs 1-36 as if fully set forth herein.

38. Title VII of the Civil Rights Act of 1964, provides in pertinent part: Title VII prohibits discrimination against an employee or job applicant "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

39. Defendant has retaliated against Plaintiff in violations of Title VII for opposing and/ or complaining of Defendant's discriminatory practices against herself.

40. During the winter months of 2022, the Plaintiff filed several internal complaints regarding the Defendant's failure to accommodate her request.

41. She also made internal complaints regarding the Defendant's failure to acknowledge her light duty status and forced her to work in the Chicago Marathon, which exacerbated her pain.

42. In November 2022, the Plaintiff was interviewed by WGN news regarding Chicago Police Department failure to accommodate officer's health, particularly mental health.

43. Between 2022 and 2023, the Plaintiff made both internal and external complaints regarding the failure to accommodate her disability/restrictions, the failure of the department to provide her paid benefits and approve the payments of medical expenses, the failure to approve her for physical therapy, and the failure to provide mental health benefits and facilities for her and her fellow officers.

44. Due to the several complaints made the Plaintiff was subjected to a hostile work environment, forced to payment for medical treatment out of pocket, forced to pay for medical prescriptions out of pocket, forced on off duty status without pay, and was denied disability benefits for several years.

45. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional and physical pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the Court enter judgment in her favor and against Defendant, and awards the following relief:

A. An injunction and order permanently restraining the Defendant from engaging in such unlawful conduct;

B. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but

limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**Date: August 5, 2024**

Respectfully submitted,

/s/Chiquita Hall-Jackson
Chiquita Hall-Jackson, Esq.- 6312976
Attorney for Plaintiff
Hall-Jackson & Associates, P.C.
180 W. Washington St., Suite 820
Chicago, IL 60602
(312) 255-7105